UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESTRELLA ACOSTA, an individual,

    Plaintiff,

vs.                              CASE NO.:

MONARCAS RESTAURANT LLC, a
Florida limited liability company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Estrella Acosta ("Plaintiff"), by and through undersigned counsel, sues Defendant, Monarcas Restaurant, LLC ("Defendant"), and alleges as follows:

## INTRODUCTION

1.    This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA") to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in Lee County, Florida and within the jurisdiction of the Middle District of Florida, Fort Myers Division.

## PARTIES

4. Plaintiff was and is a resident and citizen of Lee County, Florida. At all times pertinent, Plaintiff worked for Defendant in Lee County, Florida.

5. Defendant was and is a Florida limited liability company conducting business in Lee County, Florida and within the jurisdiction of the Middle District of Florida, Fort Myers Division, and subject to the requirements of the FLSA.

6. At all times material, Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(1); Defendant was the employer of Plaintiff within the meaning of 29 U.S.C. §§ 203(a) and (d); and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FLSA COVERAGE

7. At all times material, Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s).

8. At all times material, Defendant was an employer as defined by 29 U.S.C. § 203(d).

9. Defendant was and is a Florida limited liability company with a principal place of business and conducting business in Lee County, Florida, and subject to the requirements of the FLSA.

10. Defendant is an enterprise engaged in interstate commerce, or in the production of goods for interstate commerce, with an annual gross volume of revenue not less than Five Hundred Thousand Dollars ($500,000.00).

11. Defendant employs employees that handle goods or materials that have moved in interstate commerce, such as food products, beverages, and restaurant supplies.

12. Defendant employs employees that are individually covered by the FLSA, such as servers that interact daily with non-Florida resident customers, process credit cards from out-of-state banks, and handle cash as part of their job, as well as the employees responsible for making orders through and interacting with food and alcohol vendors.

13. Defendant is in the business of providing food and alcoholic and non-alcoholic drinks to the public that wish to eat and/or drink in Lee County, Florida. Defendant is a relatively large, popular, and busy restaurant, with multiple locations, specializing in Mexican cuisine, and serving alcoholic beverages. Defendant occupies a large commercial restaurant located within the busy Edison Mall in Fort Myers, Florida as well as a second location in Cape Coral, Florida.

14. Plaintiff regularly served food and beverages, handled cash, and made credit card transactions for customers residing out of state and traveling from out of state.

15. Plaintiff was individually covered by the FLSA.

### GENERAL ALLEGATIONS

16. Defendant employed Plaintiff in Lee County, Florida, as a server, for approximately three (3) years through on or about September 20, 2020. During this time, Plaintiff's primary job duties included, without limitation, serving food and

beverages to Defendant's customers. Moreover, beginning in approximately mid-2018, Plaintiff also took over the cleaning crew duties and cleaned the restaurant after every shift she worked.

17. Defendant compensated Plaintiff on an hourly basis of $5.25 per hour, plus tips.

18. Defendant typically scheduled Plaintiff to work five (5) to six (6) days per week from open (10:00 a.m.) to close (9:00 p.m. Sunday through Thursday and 10:00 p.m. on Friday and Saturday).

19. Beginning in mid-2018, Plaintiff stayed late after each shift to clean the restaurant until at least midnight (i.e., at least an additional 2-3 hours after the restaurant closed).

20. In light of above, Plaintiff regularly worked well in excess of forty (40) hours per week while employed by Defendant.

21. Defendant had a policy and practice of not allowing servers to clock in and out themselves or record their actual hours worked; instead, Defendant clocked servers in at the time of the restaurant opening (10:00 a.m.) and clocked them out at the time of the restaurant closing (9:00 p.m. or 10:00 p.m.). Defendant failed to accurately clock in and clock out servers in accord with the actual time the servers worked (i.e., Defendant failed to record the time Plaintiff spent cleaning the restaurant after her shift).

22. Further, Defendant had a policy and practice of not compensating employees for any work performed over forty (40) hours in a workweek.

23. Defendant failed and/or refused to compensate Plaintiff for her time spent cleaning the restaurant after her shift and for any hours worked over forty (40) in a workweek.

24. As such, Defendant cheated Plaintiff out of her overtime (time and one-half) compensation, forced Plaintiff to work off the clock, and improperly calculated Plaintiff's compensation each week in violation of the FLSA.

25. Despite working more than forty (40) hours in a workweek, Plaintiff did not receive overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for such overtime hours.

26. Defendant knew that it was a violation of the FLSA not to compensate Plaintiff at rate of not less than one and one-half her regular rate for all hours worked in a work week over forty (40) hours.

27. Defendant willfully violated the FLSA and failed to provide Plaintiff overtime compensation.

28. Defendant failed to keep proper time records for Plaintiff.

29. To the extent any time records exist, concerning the number of hours worked and amounts to be paid to Plaintiff, the records are in the possession and custody of Defendant.

30. Plaintiff has been required to retain counsel to prosecute the claims herein, and is obligated to pay counsel reasonable attorneys' fees and costs.

31. All conditions precedent to this action have been satisfied.

## COUNT I
### (Overtime Compensation Due Under the FLSA)

32. Plaintiff re-alleges paragraphs 1 through 31 as if set forth fully herein.

33. Plaintiff worked more than forty (40) hours in a week for one or more weeks during her employment with Defendant.

34. Defendant failed to compensate Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for hours worked over forty (40) in a workweek for one or more weeks during her employment with Defendant. Defendant failed to provide any compensation whatsoever for Plaintiff's time spent cleaning the restaurant and/or for any hours worked over forty (40) in a workweek.

35. Defendant's failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

36. Defendant's violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a.    accept jurisdiction over this action;

    b.    award damages for the amount of unpaid overtime compensation owed to Plaintiff;

    c.    award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the overtime compensation owed to Plaintiff, or

                in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

    d.    award Plaintiff recovery of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

    e.    entry of final judgment against Defendant; and

    f.    award all other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

                *s/ Bradley P. Rothman*
                Bradley P. Rothman, Esq.
                Florida Bar No. 0677345
                brothman@weldonrothman.com
                WELDON & ROTHMAN, PL
                2548 Northbrooke Plaza Drive
                Naples, Florida 34119
                Tel: (239) 262-2141
                Fax: (239) 262-2342
                *Counsel for Plaintiff*